UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR-04-64-B-W |
| | ) | |
| LARRY DEAN ALEXANDER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON GOVERNMENT'S MOTION IN LIMINE REGARDING PRIOR CONVICTIONS

Previously convicted of grand larceny and forgery, Larry Dean Alexander faces trial on three firearms charges. The Government moves in limine to establish the admissibility of the two prior convictions. This Court concludes the forgery conviction is mandatorily admissible under Fed. R. Evid. 609(a)(2), but the grand larceny conviction is not. This Court excludes evidence of the grand larceny conviction under Fed. R. Evid. 609(a)(1), based on its conclusion that its probative value is cumulative and does not exceed its potentially prejudicial impact.

## I. FACTUAL BACKGROUND

On August 15, 2001, Mr. Alexander was convicted in South Carolina of:

(1) Grand Larceny Greater than $1,000 but less than $5,000 in violation of § 16-13-0030 of the Code of Laws of South Carolina in Spartanburg (South Carolina) General Sessions Court Docket No. 98-GS-42-6502 occurring on or about July 26, 1998; and,

(2) Forgery, in violation of § 16-13- of the Code of Laws of South Carolina in Spartanburg (South Carolina) General Sessions Court Docket No. 2001-GS-42-01991 occurring on or about January 16, 2001.[1]

---

[1] The records do not reflect when the forgery offense took place; Mr. Alexander was arrested on the forgery charge on January 16, 2001. Mr. Alexander has also been convicted in South Carolina of possession with intent to

## II.  LEGAL STANDARD

Rule 609(a) of the Federal Rules of Evidence provides:

> For the purpose of attacking the credibility of a witness,
> (1)  . . . evidence that an accused has been convicted of [a crime punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused . . . .
>
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement.

Fed. R. Evid. 609(a).  Rule 609(a)(1) grants the trial judge discretion to determine whether to admit evidence of prior convictions for impeachment purposes; by contrast, Rule 609(a)(2) calls for mandatory admission.  *United States v. Tracy,* 36 F.3d 187, 192 (1st Cir. 1994), *cert. denied,* 514 U.S. 1074 (1995); *United States v. Kiendra*, 663 F.2d 349, 354 (1st Cir. 1981).

## II.  DISCUSSION

### A.  Rule 609(a)(2): Mandatory Admissibility

#### 1.  Forgery

Under Rule 609(a)(2), if the Defendant's crime concerns dishonesty or a false statement, there is no discretion to exclude evidence of such crimes.  Forgery is such a crime.  *See United States v. Agnew*, 407 F.3d 193, 197 (3d Cir. 2005) ("Forgery, of course, involves dishonesty and false statement."); *United States v. Bay*, 762 F.2d 1314, 1317 (9th Cir. 1984); *United States v. Mahone,* 328 F. Supp.2d 77, 82 (D. Me. 2004) ("Forgery is plainly within Rule 609(a)(2)'s scope of crimes of dishonesty and false conduct.").[2]  Under Rule 609(a)(2), if Mr. Alexander takes the stand, the Government may use evidence of his prior forgery conviction for impeachment

---

distribute cocaine and in Maine of assault.  The Government has not claimed either of these convictions would be properly admissible under Rule 609.

[2] If more than ten years had elapsed since the date of the conviction, it may be excluded as too remote.  Fed. R. Evid. 609(b).  As the convictions in this case occurred in 2001, this limitation is inapplicable.

purposes.  *See Security and Exchange Comm'n v. Sargent,* 229 F.3d 68, 79-80 (1st Cir. 2000)("Rule 609 (a)(2) simply does not allow for any judicial discretion on this point.").

### 2. Grand Larceny.

The Defendant's conviction for grand larceny presents a more difficult question, because, unlike forgery, it is unclear whether grand larceny is a crime of dishonesty or false statement.  In *United States v. Grandmont*, 680 F.2d 867 (1st Cir. 1982), the First Circuit held that robbery per se is not a crime of dishonesty within the meaning of 609(a)(2), and not admissible, absent a showing it was perpetuated by deceitful or fraudulent means.  *Id*. at 871.  *Grandmont* quotes the Congressional Conference Committee Report, which lists crimes of dishonesty and false statement to include embezzlement, but not robbery.[3]  *Grandmont,* 680 F.2d at 871 (quoting H.R. Conf. Rep. No. 93-1597, 93d Cong., 2d Sess. 9, *reprinted in* 1974 U.S.C.C.A.N. 7098, 7103.  The question here is whether Mr. Alexander's commission of the crime of grand larceny in 2001 was more like robbery or more like embezzlement.

This Court looks first to the statutory definition of the crime of grand larceny as interpreted in South Carolina to determine whether its elements clarify its character.  South Carolina defines "grand larceny" generally as the "larceny of goods, chattels, instruments, or other personalty valued in excess of one thousand dollars…."[4] South Carolina defines "larceny" as "the taking and carrying away of the goods of another, which must be accomplished against the will or without the consent of the other."  *State v. Parker,* 571 S.E.2d 288, 289 (S.C. 2002), *overruled on other grounds by State v. Gentry*, 610 S.E.2d 494 (S.C. 2005); *State v. Brown,* 260 S.E.2d 719 (S.C. 1979).  Grand larceny is "the felonious taking and carrying away of the goods

---

[3] The authors of *Weinstein's Federal Evidence* list the traditional crimes of dishonesty:  bribery, counterfeiting, forgery or transporting forgery, fraud, fraudulent passing of worthless checks, and perjury.  4 Joseph M. McLaughlin, Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 609.04[3][a] (2d Ed. 2005).
[4] Mr. Alexander was convicted of violating § 16-13-30(B)(1), which addresses the larceny of goods valued between $1,000.00 and $5,000.00 and imposes a maximum prison term of five years.

of another, where the value exceeds $1,000.00." *Parker,* 571 S.E.2d at 289. In *Parker,* the Supreme Court of South Carolina concluded that, contrary to its earlier holdings, grand larceny is not a lesser included offense of armed robbery, because "the offense of armed robbery does not include the element that the value of the goods taken must exceed $1,000." *Id.* at 290. As interpreted in *Parker*, the significant difference between robbery and grand larceny is the value of the goods, not an element of dishonesty or false statement. Thus, under *Grandmont*, Mr. Alexander's conviction for grand larceny in South Carolina as statutorily defined and judicially interpreted in South Carolina is more like robbery than embezzlement and not mandatorily admissible under Rule 609(a)(2).[5]

The only other potential basis for admission under Rule 609(a)(2) is the *Grandmont* focus on whether there had been a showing of fraudulent or deceitful means in the perpetration of the crime. *Grandmont,* 680 F.2d at 871. The only evidence about the grand larceny is that Mr. Alexander was twenty-four years old when he committed a non-violent grand larceny of Smile Gas # 92 in Spartanburgh County. There is no evidence Mr. Alexander committed the grand larceny by fraudulent or deceitful means. This Court concludes evidence of his 2001 conviction for grand larceny is not mandatorily admissible for impeachment purposes under Rule 609(a)(2). *Linsky v. Hecker*, 753 F.2d 199, 201 (1st Cir. 1985) (seven larcenies, six burglaries and one armed robbery were not crimes involving dishonesty or false statements under Rule 609(a)(2)).

### B. Rule 609(a)(1): Discretionary Admissibility

The grand larceny conviction may still be admissible under Rule 609(a)(1), if the probative value of this evidence exceeds the prejudicial impact on the defendant. To perform the Rule 609(a)(1) analysis, the Court must consider: (1) whether the nature of the crime bears on

---

[5] Interestingly, Mr. Alexander's grand larceny conviction may be mandatorily admissible under South Carolina interpretation of its Rule 609(a)(2). *See State v. Al-Amin,* 578 S.E.2d 32, 42-44 (S. C. Ct. App. 2003).

the defendant's credibility and veracity; (2) the defendant's conduct since the conviction and whether the conviction is remote in time; (3) whether similarities between the conviction and the pending charges make it more likely a jury would use the evidence improperly; (4) whether admission will affect the defendant's decision to testify; and, (5) the centrality of the defendant's credibility to the issue at trial.  *United States v. Grandmont*, 680 F.2d 867, 872 n.4 (1st Cir. 1982); *United States v. Causey*, 9 F.3d 1341, 1344 (7th Cir. 1993), *cert. denied*, 511 U.S. 1024 (1994); *United States v. Bagley*, 772 F.2d 482, 487 (9th Cir. 1985), *cert. denied*, 475 U.S. 1023 (1986).

In 2004, the First Circuit adopted the view that "the standard for the admission of prior convictions of the accused is stricter than the standard for the admission of prior convictions of a government witness."  *United States v. Tse,* 375 F.3d 148, 163 (1st Cir. 2004).  Tracing the history of Rule 609 and the 1990 amendment to the rule, *Tse* quoted the advisory committee on the 1990 amendment:  "[unlike other witnesses]…a defendant faces a "unique risk of prejudice -- i.e. the danger that convictions that would be excluded under Fed. R. Evid. 404 will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes." *Id.* at 163 (quoting Fed. R. Evid. 609 advisory committee's notes on 1990 amendment).  It also noted that prior convictions might "inflame the jury."  *Id.* at 164.  The trial court may admit a prior conviction against an accused "only if the probative value 'outweighs its prejudicial effect to the accused.'" *Id.*  In making this evaluation as regards the accused, the trial court does not engage in a Rule 403 analysis.  *Id.*

The parties have filed trial briefs, which give this Court some insight into the issues that may be the focus of this trial. Mr. Alexander is facing three charges:  1) Count I, possession of a firearm not registered to him in the National Firearms Registration Record, a violation of 26

U.S.C. § 5861(d) and 5871; 2) Count II, possession of a firearm by a person previously convicted of a felony, a violation of 18 U.S.C. 922(g)(1); and, 3) Count III, possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence, a violation of 18 U.S.C. § 922(g)(9). The parties have stipulated on Count II that the defendant has previously been convicted of a felony and on Count III that the defendant has previously been convicted of a crime of domestic violence. *See Government's Trial Brief* at 10, 18 (Docket #55); *Defendant's Trial Brief* at 2-3 (Docket #57). In its Trial Brief, the Government asserts it will produce evidence from witnesses that Mr. Alexander sold a short-barreled shotgun in late November 2003; the Government also alleges, however, that Mr. Alexander in an interview with the police stated that the shotgun was actually sold not by him, but by his girlfriend. *See Government's Trial Brief* at 12-14 (Docket #55).

Returning to the five-factor balancing test to the grand larceny conviction, this Court first notes that the nature of the crime, grand larceny, has a bearing on the Defendant's credibility and veracity. In *Weinstein,* the authors state that crimes, such as theft, by their nature "imply some dishonesty." *Weinstein On Federal Evidence* at § 609.05[3][b]. This factor encourages admission, but in light of the logic underlying *Grandmont,* not strongly so.

The second factor is the age of the conviction and the defendant's subsequent conduct. Here, although the conviction occurred on August 21, 2001, the grand larceny took place on July 26, 1998. This factor militates in favor of admission, because he committed the crime about five years and was convicted about two years before the events giving rise to the Defendant's indictment, well within Rule 609(b)'s ten year window.

Although there is a superficial lack of similarity between the conviction and the pending charges, this Court is concerned that the jury may misconceive what a grand larceny is. The

state of Maine does not use the term and, without diminishing the seriousness of a theft of over $1,000, the term, grand larceny, may carry a more ominous implication than its statutory definition should allow.[6]  Some jurors may speculate that grand larceny involves the use of a firearm, which it does not.  This factor militates against admission.

As noted, it is likely the issue of Defendant's credibility will be central to the issue at trial, particularly given his prior statements to police and the Government's obligation to prove knowing possession.

Although this is always difficult to evaluate pre-trial, this evidence may discourage Defendant from taking the stand.  *See Mahone*, 328 F. Supp. 2d at 84.  The admission of evidence of the grand larceny would be cumulative, because the parties have already stipulated that Mr. Alexander was convicted of a felony and of domestic abuse, and under Rule 609(a)(2), his prior conviction for forgery must be admitted. *See Tse,* 375 F.3d at 164-65 (discussing cumulative impact of prior convictions).  One further conviction might not deter Mr. Alexander from testifying, but it is also possible he will consider the fourth crime a significant deterrence, particularly since it is a grand larceny.[7]  The risk is the jury will consider the defendant a dangerous person and will be influenced to convict him on that score alone, not fairly assessing the facts and applying the law.  *See Tracy,* 36 F.3d at 192-194.  By the same token, as there will be evidence of other convictions, the probative value of this one additional conviction is

---

[6] The state of Maine criminalizes "theft by unauthorized taking or transfer", 17-A M.R.S.A. § 353, *amended by* 2005 Me. Legis. Serv. Ch. 199 (H.P. 593)(L.D. 834)), and imposes more significant penalties the greater the value of the property.  17-A M.R.S.A. § 353(1),(4),(5), The equivalent crime in Maine to grand larceny would probably be Class C Theft, a violation of § 353.  To this Court, Class C Theft has a more benign ring to it than Grand Larceny.

[7] It is difficult to foresee what a jury will make of all this.  The parties are stipulating that he was a convicted felon and was convicted of domestic violence.  If he takes the stand, he will be subject to cross-examination on his forgery conviction.  The parties have not addressed whether jury will be informed whether the stipulated felony is the forgery, the domestic violence, or another unnamed crime.

lessened.[8]  On balance, this Court determines that the probative value of the conviction for grand larceny is not outweighed by its prejudicial impact and, therefore, excludes evidence of the conviction under Fed. R. Evid. 609(a)(1).

## III.  CONCLUSION

This Court GRANTS the Government's Motion in Limine to admit evidence of the 2001 South Carolina conviction for forgery and DENIES its motion to admit evidence of the 2001 South Carolina conviction for grand larceny.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2005

---

[8] The jury will learn the Defendant is a convicted felon, engaged in domestic violence, and (if he takes the stand) committed forgery.  In this context, the admission of evidence of the grand larceny conviction runs the risk of piling on.