UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR-04-64-B-W |
| | ) | |
| LARRY DEAN ALEXANDER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION FOR A NEW TRIAL

This Court denies Defendant Larry Dean Alexander's Rule 33 motion for new trial as untimely.

### I.   Statement of Facts

On September 9, 2005, after a one-day jury trial, Larry Dean Alexander was found guilty of three counts of unlawful firearm possession.[1]  *Jury Verdict* (Docket # 69).  On October 24, 2005, Mr. Alexander filed a letter in this Court seeking new counsel to "get a mistrial".  *Def.'s Pro Se Motion to Appoint Counsel* (Docket # 72).  Following a hearing on November 2, 2005, this Court granted Mr. Alexander's motion and appointed Attorney Marvin Glazier as replacement counsel.  (Docket #s 75, 76).  By an undated letter that this Court received on November 9, 2005, Mr. Alexander wrote that he "would like to have a motion to challenge the Jury's verdict" and asserted that three witnesses "have lied either on the stand, on a legal statement, or both."  *Def.'s 11-9-2005 letter* (Docket # 80 – Attach. 1).  Though shared with counsel, this letter was never formally docketed.[2]  On April 12, 2006, Attorney Glazier filed a

---

[1] Specifically:  violation of 26 U.S.C. § 5861(d), Possession of an unregistered short-barreled shotgun; violation of 18 U.S.C. § 922(g)(1), Possession of a firearm by a person previously convicted of a felony; and violation of 18 U.S.C. § 922(g)(9), Possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence.

[2] Mr. Alexander followed up by letter dated November 21, 2005 in which he asked the Court "to consider perjury charges on the three law witnesses in my case."  Again, although shared with counsel, the letter was not docketed.

motion pursuant to Rule 33 of the Federal Rules of Criminal Procedure, seeking a new trial on the ground that the verdict was against the weight of the credible evidence and results in a miscarriage of justice. *Def.'s Am. Mot. for New Trial* (Docket # 79).

### II.     Discussion

Rule 33, governing new trials, provides as follows:

> (a) Defendant's Motion.  Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.  If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
> (b) Time to File.
>  (1) *Newly Discovered Evidence.*  Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.  If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>  (2) *Other Grounds.*  Any motion for a new trial grounded on any reason other than newly discovered evidence <u>must be filed within 7 days after the verdict or finding of guilty</u>.

Fed. R. Crim. P. 33 (emphasis supplied).  The time provisions of Rule 33 wait for no defendant. The First Circuit has characterized the seven-day bar as "jurisdictional", and written that the district court is "without discretion to grant a motion for new trial that is not timely filed". *United States v. Lema,* 909 F.2d 561, 565 (1st Cir. 1990). *See also United States v. Glenn*, 389 F.3d 283, 287 (1st Cir. 2004); *United States v. Diaz*, 300 F.3d 66, 78 (1st Cir. 2002).

Under Rule 33, Defendant's motion must either be grounded on newly discovered evidence or filed within seven days of the verdict. Defendant's motion of April 12, 2006 is well past seven days of the September 9, 2005 verdict.  The motion purports to amend Mr. Alexander's November 9, 2005 letter, but even if, as defense counsel requests, this Court were to

construe his *pro se* letter as a Rule 33 Motion, November 9th is two months post verdict, and outside the narrow time limit of Rule 33(b)(2).[3] *See Def.'s Am. Mot. for New Trial* at 1.

To escape the iron grip of Rule 33(b)(2), then, the motion must be grounded on newly discovered evidence. Fed. R. Crim. P. 33(b)(1). But, neither the Amended Motion nor the November 9, 2005 letter makes any claim of newly discovered evidence. Defendant's letter of November 9th challenges the credibility of four Government's witnesses based on allegations that their trial testimony was inherently contradictory, conflicted with previous statements, or was otherwise unbelievable. *Def.'s 11-9-2005 letter*. Each allegation, however, is based on information readily apparent to Defendant at trial, not "newly discovered". *See, e.g., United States v. Casas,* 425 F.3d 23, 53 (1st Cir. 2005)("To prevail on a motion for a new trial under Federal Rule of Criminal Procedure 33 on the basis of newly discovered evidence, the movant must show that '(1) the evidence was unknown or unavailable to the defendant at the time of trial….'"). The Amended Motion of April 12th also focuses on the credibility of the witnesses based on asserted inconsistencies. While the Amended Motion focuses as well on Defendant's knowledge of the actual length of the shotgun barrel on the date of the transaction, Mr. Alexander has made no attempt to show that this evidence was "newly discovered" within the meaning of Rule 33.[4] His motion is untimely.

### III.    Conclusion

Defendant's Amended Motion for a New Trial (Docket # 79) is DENIED.

SO ORDERED.

---

[3] The same is true for the October 24, 2005 letter. It would be a greater leap to construe Mr. Alexander's October 24, 2005 letter seeking new counsel as a motion for new trial, since it requests a new lawyer to "try to get a mistrial." *Def.'s Pro Se Mot. to Appoint Counsel*. This letter was docketed as a motion to appoint new counsel and the Defendant has never asserted the October 24, 2005 letter should be deemed a motion for new trial. Even if it were, the October 24, 2005 letter is beyond time as well.

[4] If this Court were to construe the October 24, 2005 letter as a claim of ineffective assistance of counsel, the result would be the same. *Lema*, 909 F.2d at 566; *United States v. Merserve*, No. 99-19-B, 2000 U.S. Dist. LEXIS 8284 at * 8 (D. Me. June 9, 2000).

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of May, 2006