UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR-04-64-B-W |
| | ) | |
| LARRY DEAN ALEXANDER, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON DEFENDANT'S *PRO SE* MOTION FOR A NEW TRIAL AND MOTION FOR MISTRIAL

Following denial of his counsel's Rule 33 motion for new trial, Larry Dean Alexander, acting *pro se*, filed two new motions, one for judgment of acquittal and the other for a new trial. Just as the earlier motion was untimely, his later filed motions are all the more so and this Court denies each.

## I.  Statement of Facts

On September 9, 2005, after a one-day jury trial, Larry Dean Alexander was found guilty of three counts of unlawful firearm possession.  *Jury Verdict* (Docket # 69).  On October 24, 2005, Mr. Alexander filed a letter in this Court seeking new counsel to "get a mistrial".  *Def.'s Pro Se Mot. to Appoint Counsel* (Docket # 72).  Following a hearing on November 2, 2005, this Court granted Mr. Alexander's motion and appointed Attorney Marvin Glazier as replacement counsel.  (Docket #s 75, 76).  On April 12, 2006, Attorney Glazier moved pursuant to Rule 33 of the Federal Rules of Criminal Procedure, seeking a new trial on the ground that the verdict was against the weight of the credible evidence and resulted in a miscarriage of justice.  *Def.'s Am. Mot. for New Trial* (Docket # 79).  Attorney Glazier characterized the motion as a renewal of a *pro se* motion for a new trial in the form of a letter, received by this Court on November 9, 2005, in which Mr. Alexander wrote that he "would like to have a motion to challenge the Jury's

verdict" and asserted that three witnesses "have lied either on the stand, on a legal statement, or both." *Def.'s 11-9-2005 letter* (Docket # 80 – Attach. 1). Though shared with counsel, this letter was never formally docketed. On May 4, 2006, this Court denied Attorney Glazier's motion as untimely. *Order on Def.'s Mot. for a New Trial* (Docket # 81).[1]

Undaunted, Mr. Alexander filed two more motions, this time without the assistance of counsel. The first, a second motion for a new trial, seeks a new trial based on an alleged violation of Fed. R. Crim. P. 29.1 as "during the rebuttal of closing argument the Prosecutor James McCarthy stated that the witness Mark Wallace had no inconsistencies, which was his personal opinion". *Def.'s Pro Se Mot. for a New Trial* (Docket # 82). The second motion is nearly identical to the first, only styled as a motion for a mistrial. *See Def.'s Pro Se Mot. for a Mistrial* (Docket # 84). Following the Government's Objections, *Gov.'s Resp. to Def.'s May 23 Mot. for a New Trial* (Docket # 83), *Gov.'s Resp. to Def.'s Mot. for Mistrial* (Docket # 86), Mr. Alexander responded with three additional filings. *Def.'s Reply to Gov.'s Resp. to Def.'s May 23 Mot. for a New Trial* (Docket # 85); *Def.'s Reply to Gov.'s Resp. to Def.'s Mot. for Mistrial* (Docket # 87); *Def.'s Am. Reply to Gov.'s Resp. to Def.'s Mot. for Mistrial* (Docket # 88).

## II. Discussion

Mr. Alexander's motion for new trial must be denied as untimely pursuant to Fed. R. Crim. P. 33(b)(2), which requires that "any motion for a new trial grounded on any reason other than newly discovered evidence <u>must be filed within 7 days after the verdict or finding of guilty</u>." *Id.* (emphasis supplied). As explained in this Court's previous Order, this seven-day limit is an absolute bar in these circumstances. *See Order on Def.'s Am. Mot. for a New Trial* at

---

[1] The Court noted that both the November 9th letter and the April 12th motion were outside the time frame allowed by Rule 33, and even were the Court to construe the October 24th letter as a motion for a new trial, the motion would still be time-barred.

2 (collecting cases).  The sole exception to this seven-day threshold would require Mr. Alexander to show that his motions rest on "newly discovered evidence".  This he manifestly has not done.

Even were this Court to assume that Mr. McCarthy made an improper statement before the jury with respect to the credibility of a witness, this statement and any impropriety would have been readily apparent to the Defendant at trial.[2]  The First Circuit recently observed that, if a defendant is seeking a new trial based on newly discovered evidence, he bears a "weighty burden" to establish that "the evidence was:  (i) unknown or unavailable at the time of trial, (ii) despite due diligence, (iii) material, and (iv) likely to result in an acquittal upon retrial."  *United States v. Hernandez-Rodriguez*, 443 F.3d 138, 143 (1st Cir. 2006)(citations omitted).  Here, there is simply nothing in the record to meet this weighty burden.

Mr. Alexander's citation to Rule 29.1 is misplaced, since it only establishes the order for closing argument.[3]  More likely, Mr. Alexander meant to refer to Rule 29, which addresses

---

[2] By making this point, this Court is not implying that Mr. McCarthy made such an improper statement.  Mr. Alexander's motions complain that during his closing argument, Mr. McCarthy improperly vouched for the credibility of a witness and this constituted prosecutorial misconduct, justifying a new trial.  Specifically, Mr. Alexander states that Mr. McCarthy asserted that the testimony of Mark Wallace, one of the witnesses called by the Government, "had no inconsistencies."  *Def.'s Pro Se Mot. for a New Trial* at 1-2 (Docket # 82).  Mr. Alexander correctly notes that a prosecutor may not portray himself "as a guarantor of truthfulness."  *United States v. Martin*, 815 F.2d 818, 821 (1st Cir. 1987)(citation omitted).  A prosecutor may not "place the prestige of the government behind a witness nor implicitly vouch for a witness by indicating that the testimony is supported by information not presented to the jury."  *United States v. Lopez*, 380 F.3d 538, 547 (1st Cir. 2004).  Mr. Alexander has not presented this Court with a transcript of the closing argument and, even assuming Mr. McCarthy asserted that Mr. Wallace's testimony "had no inconsistencies", without a transcript, this Court cannot determine its context – how it was phrased and whether it was in response to a defense attack on Mr. Wallace's credibility.  *See United States v. Auch*, 187 F.3d 125, 131 (1st Cir. 1999)(government allowed to refer to a witness's motives to tell the truth); *United States v. Neal*, 36 F.3d 1190, 1208 (1st Cir. 1994)(government may point out that witnesses, telling the story as they remember it, have generated a number of inconsistencies in the record and it is up to the jury to resolve these issues); *United States v. Innamorati*, 996 F.2d 456, 483 (1st Cir. 1993)("The line between the legitimate argument that a witness's testimony is credible and improper vouching is often a hazy one, to be policed by the trial court in the first instance."); *Martin*, 815 F.2d at 822-23 (government allowed to rebut a defense claim of fabrication)(citation omitted).  This Court has no recollection of any improper statement by Mr. McCarthy during his closing, did not *sua sponte* exercise its policing obligation during his closing, and recalls no contemporaneous objection to Mr. McCarthy's argument.

[3] Rule 29.1 reads simply:
"Closing arguments proceed in the following order:
     (1) the government argues;
     (2) the defense argues; and
     (3) the government rebuts."

motions for judgment of acquittal.[4]  Fed. R. Crim. P. 29.  Nevertheless, Mr. Alexander still runs up against the same timeliness problem.  Under Rule 29(c)(1), after a jury verdict or discharge, a defendant may only move for a judgment of acquittal, or renew such a motion "within 7 days after a guilty verdict or after the court discharges the jury, whichever is later".  *Id.*[5]

This Court DENIES Defendant's *Pro Se* Motion for a New Trial (Docket # 82) and Motion for Mistrial (Docket # 84).

SO ORDERED.


/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE


Dated this 5th day of July, 2006

---

Fed. R. Crim. P. 29.1
[4] The Government makes this point in its response.  *Gov.'s Resp. to Def.'s Mot. for Mistrial* at 1 n.1.
[5] Recent Supreme Court case law clarified that Rules 29 and 33 are "inflexible claim-processing rule[s]", not rules "governing subject-matter jurisdiction".  *See Eberhart v. United States,* 126 S. Ct. 403 (2005).  *Eberhart* also makes clear that such a difference matters only if the Government forfeits a timeliness objection.  *Id.* at 406-7.  Here, the Government raised the issue in both responsive memoranda.  *See Gov.'s Resp. to Def.'s May 23 Mot. for a New Trial* at 1; *Gov.'s Resp. to Def.'s Mot. for Mistrial* at 1; *cf. Hernandez-Rodriguez,* 443 F.3d at 150 (Howard, J., dissenting)("The government appears to have forfeited any timeliness argument that it might have had.").  In any event, *Eberhart* reiterated the view that the Rule 33 deadline is "rigid".  126 S. Ct. at 403.